

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 17, 1958

Honorable Bill Pemberton
County Attorney
Hunt County
Greenville, Texas

Opinion No. WW-513

Re: May the County Commis-
sioners of Hunt County
drive and operate motor
vehicles owned and main-
tained by the county in
the performance of their
duties and also draw the
monthly expense allowance
authorized under Section
2, Article 2350n, Vernon's
Civil Statutes, and relat-
ed questions.

Dear Mr. Pemberton:

You have requested an opinion on the following ques-
tions:

"1.   May the County Commissioners of Hunt County,
Texas drive and operate motor vehicles owned and main-
tained by Hunt County, Texas in the performance of
their duties as road commissioners in the building and
maintaining of roads in Hunt County, and at the same
time draw each month the $75.00 per month expense
allowance authorized under Article 2350 n Section 2,
which is allowed to them as County Commissioners for
expense in operation and upkeep of their private auto-
mobiles while on official business within the county?

"2.   Is the $75.00 per month allowance for travel-
ing expense and automobile depreciation, which is
authorized under Article 2350 n Section 2 considered
as an expense of office, or is such allowance consider-
ed as salary, and if so, would the voting by the court
of such $75.00 per month allowance to themselves be
the equivalent of a raise in salary?"

Hunt County has a population, according to the 1950
Federal Census, of 42,731 inhabitants.  Therefore, the traveling
expense of county commissioners is governed by the provisions of

Article 2350 and Section 2 of Article 2350n, Vernon's Civil Statutes. Section 1a of Article 2350 provides as follows:

"Sec. 1a. The Commissioners Court in each county is hereby authorized to pay the actual traveling expenses incurred while traveling outside of the county on official county business never to exceed Three Hundred Dollars ($300) in any one year for each said official."

Sections 2 and 4 of Article 2350n provide as follows:

"Sec. 2. In any county in this State having a population in excess of twenty-one thousand, five hundred (21,500) but not in excess of one hundred twenty-four thousand (124,000), according to the last preceding or any future Federal Census, the Commissioners Court is hereby authorized to allow each member of the Commissioners Court the sum of not exceeding Seventy-five ($75.00) Dollars per month for traveling expenses and depreciation on his automobile while on official business within the county. Each member of such Commissioners Court shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county."

"Sec. 4. The provisions of this bill shall apply only to those counties not furnishing an automobile, truck, or by other means providing for the traveling expenses of its commissioners, while on official business within the county."

It has been held by this office on numerous occasions that under Section 1a of Article 2350, county commissioners are entitled only to actual and necessary traveling expenses while traveling outside the county on official business. Attorney General's Opinions V-1344 (1951), V-200 (1947) and O-7438 (1946). The basis for such a construction is on the language "the actual traveling expenses incurred while traveling outside the county." The traveling expenses provided for in Article 2350n are not limited to traveling expenses actually incurred. Attorney General's Opinion V-1344.

Honorable Bill Pemberton, page 3 (WW-513)

In Attorney General's Opinion V-1344 it was held:

"It has been held that under Section 1a, county commissioners were entitled only to the actual and necessary traveling expenses while traveling outside the county on official business. Att'y Gen. Ops. V-200 (1947) and O-7438 (1946). The basis for such a construction was the language 'the actual traveling expenses incurred while traveling outside of the county.' Senate Bill 131 contains no such language. On the contrary, it is stated that the commissioners' court is authorized to allow each member of the commissioners' court a sum not to exceed $100.00 per month 'for traveling expenses and depreciation on his automobile.' No formula is prescribed in Senate Bill 131 for determining the amount of automobile depreciation each month. Furthermore, the traveling expense is not limited to traveling expense actually incurred. It is therefore our opinion that it was not the intention of the Legislature that the members of the commissioners' court would be required to show that traveling expense allowed them had been actually incurred before payment could be made.

"Some statutes allowing travel expense to officers on the basis of expenses actually incurred or distance actually traveled expressly require sworn statements from the officer making the claim. See, for example, Articles 6877-1 and 6889c, V.C.S. However, there is no provision in Senate Bill 131 requiring the members of the commissioners' court to furnish a sworn statement relative to travel expense incurred by them." (Empahsis ours).

In Attorney General's Opinion S-44 it was held that county commissioners could receive the maximum provided under Article 2350n for traveling expenses within the county, if during the same period of time, they were not being furnished a vehicle by the county or were not actually receiving traveling expenses within the county under the provisions of Article 2350 (6) and Article 2350 (7). It is noted that Article 2350 provides for traveling expenses outside the county, while Article 2350n

provides for traveling expenses within the county.

You state in your request that the commissioners' court of Hunt County voted to furnish their own privately owned automobiles for their use while on official business within the county and allowed each member of the commissioners' court the sum of $75.00 per month to cover traveling expenses and depreciation on each of their automobiles while used on official business within the county. However, your questions assume that the county commissioners are furnished motor vehicles owned and maintained by the county, rather than using their private automobiles. This results in a conflict in the factual basis upon which your request is made. Thus, we can only answer your questions in the alternative.

If the commissioners are furnished motor vehicles owned by the county for use and the necessary traveling incurred within the county, the provisions of Section 4 of Article 2350n would prohibit the payment of traveling expense allowance allowed in Section 2 of Article 2350n. If, on the other hand, the commissioners use their private vehicles while traveling on official business within the county, the commissioners would be entitled to receive $75.00 per month as expense allowance under the provisions of Section 2 of Article 2350n.

In answer to your second question, the allowance provided in Section 2 of Article 2350n constitutes allowance for traveling expense and automobile depreciation, and not salary or compensation. Attorney General's Opinion V-1344.

## SUMMARY

County commissioners may recieve the traveling allowance expense provided in Article 2350n for traveling on official business within the county, provided the county commissioners are using their privately owned motor vehicles for traveling on official business within the county rather than the county furnishing

the commissioners with county-
owned motor vehicles for such pur-
pose.

The allowance provided in Section
2 of Article 2350n, Vernon's Civil
Statutes, constitutes allowance for
traveling expense and automobile
depreciation and does not consti-
tute salary or compensation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Wallace Finfrock
Linward Shivers
John B. Webster

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert